UNITED STATES DISTRICT COURT SCAN INDEX SHEET



lmm

3:96-cv-00364 Caputo v. T G and Y

cv

3

96364

1

Caputo

T G and Y

cmp.

2/28/96

WBE - Presiding Judge

**PINNOCK & KELSO,** A Law Firm
Theodore A. Pinnock, Esq.  Bar #: 153434
Hugh D. Kelso III, Esq.      Bar #: 163754
7966 Arjons Drive, Suite 108
San Diego, CA           92126
Phone:          (619) 689-1750
Fax:              (619) 689-1950

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE CAPUTO, | Case No.:  '96 0364 E AJB |
| Plaintiff, | **CIVIL COMPLAINT:** |
| | **DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS** [42 U.S.C.12182(a) ET. SEQ; CIVIL CODE 51, 52, 54.1;  GOVERNMENT CODE 4450; HEALTH & SAFETY CODE 19955] |
| vs. | **INTENTIONAL INFLICTION OF MENTAL DISTRESS** [CIVIL CODE 3333, 3294]; |
| | **NEGLIGENCE** [CIVIL CODE 1714(a), 2338,3333, 3294; EVIDENCE CODE 669(a)] |
| TG&Y, | |
| and, | DEMAND FOR JURY TRIAL [F.R.Civ.P. 38(b); L.R. 38.1] |
| **DOES 1 THROUGH 10,** Inclusive, | |
| Defendants) | |

///
///
///

TO:   THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

1.   **JURISDICTION AND VENUE**

Jurisdiction is based on the Americans with Disabilities Act, 42 United States Code 12101-12111, 12181-12184 and 12201, et seq.

Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of Plaintiff's claims arose within the judicial district of the United States District Court of the Southern District of California.

2.   **SUPPLEMENTAL JURISDICTION**

Pursuant to 28 U.S.C. § 1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court.  All the causes of action based on federal law and those based on state law as herein stated, arose from common nuclei of operative fact - to wit, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws  and/or was injured due to violations of federal and state access laws  - and the state actions are so related to the federal actions that they form part of the same case or controversy;  and, the actions would ordinarily be expected to be tried in one judicial proceeding.

**NAMED DEFENDANTS**

3.   Defendants are, and at all times mentioned herein were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California.  Defendant TG&Y located at 12421 Woodside Ave., Lakeside, California.

///

///

///

PLAINTIFF'S COMPLAINT                       - 2 -

4. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of TG&Y. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities when ascertained.

5. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, franchisee, lessee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

<u>**CONCISE SET OF FACTS**</u>

6. On and after February 21, 1995, **Plaintiff** entered Defendants' establishment, to utilize their goods and/or services. Plaintiff has an impairment in that Plaintiff suffered a complete spinal cord injury on October 3, 1981 and due to this impairment Plaintiff has learned to successfully operate a wheelchair.

7. Plaintiff was not able to enter the store because the establishment's entrance failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG"). and/or California's Title 24 Building Code requirements. Defendant installed a turn-stile which prevented Plaintiff from entering the store.

8. Pursuant to 42 U.S.C. § 12188(a), Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.

9. Plaintiff was extremely upset due to Defendants' conduct.

<u>**WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT**</u>

10. TG&Y and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

PLAINTIFF'S COMPLAINT                                        - 3 -

11.    Plaintiff avers that the Defendants are liable for the following claims as alleged below:    ALL CAUSES OF ACTION.

FIRST CAUSE OF ACTION - **Negligence**

12.    Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Defendants, by virtue of legal duties proscribed by various federal and state statutes -- including, by not limited to, ADAAG and Title 24 of the California Administrative Code and applicable 1991 Uniform Building Code standards as amended -- owed Plaintiff a **statutory duty** to make their facility accessible and owed Plaintiff a duty to keep Plaintiff reasonably safe from known dangers and risks of harm.

13.    The ADA (Title III) mandates removal of architectural barriers and prohibits disability discrimination. As well, Defendants' facility, and other goods, services and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Government Code § 4450 and Health and Safety Code § 19955[1], to wit, to make their facility accessible before and after remodeling and to remove architectural barriers on and after AB 1077 went into effect.

14.    Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiff injury. Plaintiff further alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff to suffer anger, embarrassment, depression, anxiety, mortification, humiliation and distress and, in fact, as a proximate result of such conduct, did cause Plaintiff to suffer anger, embarrassment, depression, anxiety, mortification, humiliation and distress.

///

///

///

_____

[1] Gov. Code § 4450 and Health & Safety Code § 19955 are cited in this Complaint to present and establish the **standard of care** to which Defendants are held and breached in this case.

PLAINTIFF'S COMPLAINT                    - 4 -

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

SECOND CAUSE OF ACTION - **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I: **Denial Of Full And Equal Access**

15.     Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants.   Defendants' facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff was subjected to discrimination pursuant to 42 U.S.C. § 12188 because Plaintiff was denied access to Defendants' facility.

16.     Plaintiff has a physical impairment as alleged in ¶6 above because Plaintiff's condition affects one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff's said physical impairment substantially limits one or more of the following major life activities:  walking.  As well, Plaintiff cannot perform one or more of the said major life activities in the manner, speed and duration when compared to the average person.  Moreover, Plaintiff has had a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II: **Failure To Remove Architectural Barriers**

17.     Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants.  Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff was subjected to discrimination pursuant to 42 U.S.C. §12188 because Plaintiff was denied full and equal access to Defendants' facility.

///

///

PLAINTIFF'S COMPLAINT                              - 5 -

CLAIM III: **Failure To Modify Practices, Policies And Procedures**

18.     Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by 42 U.S.C. § 12188(a).  Thus, Plaintiff was subjected to discrimination pursuant to 42 U.S.C. § 12188.

THIRD CAUSE OF ACTION - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

19.     Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants as required by Civil Code Section 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to the store because of the presence of a turn-stile.

20.     These violations denied Plaintiff full and equal access to Defendants' facility.  Thus, Plaintiff was subjected to discrimination pursuant to Civil Code § 54.1 because Plaintiff was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

21.     Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  Thus, Plaintiff was subjected to discrimination pursuant to Civil Code § 54.1.

PLAINTIFF'S COMPLAINT                           - 6 -

CLAIM III: **Violation Of The Unruh Act**

22.    Based on the facts plead at ¶¶ 6-10 above and elsewhere herein this complaint, Defendants did and continue to, discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1. Defendants must comply with the said codes and the failure to so comply caused Plaintiff to suffer anger, humiliation, depression, anxiety, mortification and distress.

<div align="center">

**DEMAND FOR JUDGMENT FOR RELIEF:**

</div>

1.    For damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, 3333;

2.    For $1,000 in damages pursuant to Cal. Civil Code §§ 52, 54.3 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA and ADA Accessibility Guidelines;

3.    For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55;

4.    For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205 and Cal. Civil Code § 55;

5.    For punitive damages pursuant to Cal. Civil Code § 3294;

6.    A Jury Trial and;

7.    For such other further relief as the court deems proper.

Respectfully submitted:

**PINNOCK & KELSO**

Dated:        February 15, 1996

By: _____
THEODORE A. PINNOCK, ESQ.
Attorneys for Plaintiff

///
///
///

PLAINTIFF'S COMPLAINT                    - 7 -

(Rev. 07/89) CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

I (a) PLAINTIFFS

Michele Caputo

DEFENDANTS

TG&Y

FILED

FEB 28 1996

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pinnock & Kelso, A Law Firm
Theodore A. Pinnock, Esq.
7966 Arjons Drive, Suite 108
San Diego, Ca. 92126
(619) 689-1750

ATTORNEYS (IF KNOWN)

'960364 E AJB

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 12182(a)
et. al.

28: 1391

V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

[illegible — standard checkbox list of Contract, Torts, Forfeiture/Penalty, Bankruptcy, Other Statutes, Real Property, Civil Rights, Prisoner Petitions, Labor, Property Rights, Social Security and Federal Tax Suits categories; box ☒ 550 Civil Rights marked]

VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ TO BE DETERMINED AT TRIAL

Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ____________ DOCKET NUMBER ____________

DATE 2/13/96

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT